**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**


<u>Stephen Miner</u>

    v.                                                    Civil No. 05-cv-054-JD

<u>Hillsborough County Department
of Corrections, Superintendent</u>


**<u>REPORT AND RECOMMENDATION</u>**


    Plaintiff Stephen Miner, an inmate at the Hillsborough
County House of Correction ("HCHOC"), petitions for permanent
injunctive relief claiming that his conditions of confinement
violate his constitutional rights and that he has been
discriminated against under Title II of the Americans With
Disabilities Act ("ADA"), 42 U.S.C. § 636(b)(1)(B).  An
evidentiary hearing was held on March 24, 2005.  At the hearing
both parties agreed on the record that the hearing was a final
hearing on the merits.  Mr. Miner waived his non-equity damage
claim.  Evidence was taken on the request for injunction.  I
find that several claims are moot and recommend that the
remaining claims be denied on the merits.

<u>Standard For Injunctive Relief</u>

    "In order to issue a permanent injunction, a district court

typically must find that (1) the plaintiff has demonstrated actual success on the merits of its claims; (2) the plaintiff would be irreparably injured in the absence of injunctive relief; (3) the harm to the plaintiff from defendant's conduct would exceed the harm to the defendant accruing from the issuance of an injunction; and (4) the public interest would not be adversely affected by an injunction."  United States v. Mass. Water Res. Auth., 256 F.3d 36, 51 N.15 (1st Cir. 2001).

## Background

Miner has been a pretrial detainee since January 11, 2005. He claims he has been denied (1) adequate medical care (denial of medications, denial of dental care, denial of prescription glasses); (2) access to the courts (attorney contact); and (3) infringement of his rights under the ADA (denial of out-of-cell time and recreation).

    1.    Adequate Medical Care.

A pretrial detainee is protected by the Eighth Amendment against deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976).  Plaintiff complains about denial of (a) dental care; (b) prescription glasses; and (c) prescribed drugs (dilantin and methadone).

a.    <u>Dental care</u>.

Plaintiff testified that he had been requesting emergency dental attention for well over a month.  He testified that he had immediate needs due to tooth chipping and to tooth decay.  The latter he says results from his medications.  At the hearing he displayed a tooth which he testified he had to pull himself because of lack of treatment.  The progress note (Exhibit #1) of February 13, 2005 supports the fact that (1) the "tooth was rotten", (2) "his teeth are all in bad condition" and (3) he "(h)as been on dental list since 1/27/05".

He requested emergency dental treatment on 1/26/05.  The response on the request slip of 2/1/05 notes he "need(s) teeth pulled desperately."  Exhibit 1.  The nurse acknowledged plaintiff's dental needs at the hearing but stated that he, in fact, had been scheduled to see the dentist on the date of the hearing and that his dental care would be given.  Defendants represent that they are now addressing his dental needs.

I recommend that the injunction as to dental needs be denied for two reasons:  (1) the complaint does not contain any allegations as to inadequate dental care and (2) however delayed, he is now getting dental treatment and the issue is moot.

      b.    Prescription glasses.

When plaintiff filed his suit he did not have his prescription glasses.  By February 1st or 4th plaintiff received new prescription glasses in response to his request slip.  He is not entitled to an injunction with regard to glasses as they were provided.  I recommend that the injunction be denied as moot with respect to glasses.

      c.    Prescribed drugs.

      (1)  Dilantin

Again, when suit was filed, plaintiff was not receiving dilantin to control seizures.  He appears to have had one undocumented seizure.  When his "outside" prescription for dilantin was confirmed, he immediately received dilantin.  He continues to receive it.  The issue is moot and I recommend that the injunction be dismissed as to the dilantin issue.

      (2)  Methadone

There is no question that in the past plaintiff was in a very serious automobile accident which left him with very serious residual medical problems.  The nurses have recognized his pain and, consistent with Dr. Ward's orders, have administered Tylenol.  Plaintiff demonstrated that he had a prescription for

Methadone from "outside" physicians.

The testimony is clear that the <u>defendant</u> in this case has not denied him methadone.  That decision was made solely by Dr. Ward who is not a defendant in this case.  Dr. Ward is not before the court and, on the evidence, plaintiff has failed to prove his claim against Superintendent O'Mara.  I recommend that the methadone claim be denied.

2.   <u>Access to the courts</u>.

Plaintiff alleged and testified that because the medical area cells are in the same area as the maximum security cells he is subject to 23 hour per day lock-down and that his time out-of-cell was at midnight or one in the morning.  As a consequence he claims that he could not have telephone contact with his attorney.  Defendant's Exhibit A is a detailed phone log of calls using plaintiff's exclusive "pin" number.  It thoroughly demonstrates that there is no longer any basis to this claim. Furthermore, plaintiff admitted that he no longer had any problem with access to his attorney and that he did not suffer any adverse consequence.

I recommend that this claim be denied as moot.

    3.    <u>Infringement of his rights under the ADA</u>.

Plaintiff must use a wheelchair.  Because of his dependence on the wheelchair and his other medical needs, he is housed in the medical pod which also houses some higher security prisoners assigned to this medical pod.  As a consequence there are frequent lock-downs and, unlike general population, virtually no recreational facilities and little recreational time.

Plaintiff admits that he gets four to five hours of out-of-cell time per day (interrupted by lock-downs).  He gets the same time out-of-cell as general population except for those interruptions.  However, there is no other medical unit and everyone in it who has the same general population classification is subject to the same impingement on out-of-cell time.

He is not entitled to the same privileges or housing as sentenced prisoners who have achieved work release status.  Many parts of his wheelchair could be converted to weapons.  The medical pod is much less crowded and accessible by wheelchair. He is on seizure watch.  He is required to be on the medical pod for medical, safety and security reasons.  It is clear that he enjoys the fullest benefits of that pod and is not discriminated against because of his disability.

I recommend that the injunction be denied and the case dismissed.

Any objections to this Report and Recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  <u>See</u> <u>Unauthorized Practice of Law Comm. v. Gordon</u>, 979 F.2d 11, 13-14 (1st Cir. 1992); <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date:  May 12, 2005

cc:    Stephen Miner, *pro se*
       John A. Curran, Esq.